FILED
SUPERIOR COURT
OF GUAM

2021 DEC 16 PM 12: 16

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

v.

RINEXT RIOSEN,
DOB: 12/24/1980

Defendant.

Criminal Case No. CF0298-19
GPD Report No. 19-14796

**DECISION AND ORDER DENYING THE PEOPLE'S MOTION TO OBTAIN AUDIO RECORDINGS FROM COURT**

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 7, 2021 for hearing on Defendant Rinext Riosen's ("Defendant's") Motion to Obtain Audio Recordings from Court ("Motion"). Assistant Attorney General Sean Brown represents the People, and Terence Timblin represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** the People's Motion.

### BACKGROUND

Defendant is charged with Charge One: *Three Counts* of First Degree Criminal Sexual Conduct (as a 1st Degree Felony) with *Special Allegation: Vulnerable Victim*, and Charge Two: *Three Counts* of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) with *Special Allegation: Vulnerable Victim*. See Superseding Indictment (Feb. 19, 2021). Defendant is accused of sexually penetrating V.F. ("Victim"), a minor under 14 years old. Id. The Victim gave birth to a child, M.G.F. ("Child") on July 31, 2019. This is roughly eight-to-nine months after the alleged sexual assault, and Victim suspects Defendant is the one who impregnated her. See Magistrate's Complaint (May 24, 2019).

Decision and Order Denying the People's Motion to Obtain Audio Recordings from Court
CF0298-19, *People of Guam v. Rinext Riosen*
Page 1 of 4

A Person in Need of Services petition was filed in JP0205-19 concerning Victim and her Child. See JP0205-19 Petition for Person In Need of Services (Aug. 5, 2019). A Further Proceedings in JP0205-19 was heard on November 10, 2020. See JP0205-19 Minute Entry (Nov. 10, 2020). During that hearing, Defendant allegedly made incriminating statements regarding his belief of paternity over Child. See Motion at 3 (Jul. 9, 2021).

On July 9, 2021, the People filed their Motion to Obtain Audio Recordings from Court. The People seek to admit the recordings as both a party opponent admission and a statement against interest. Id. at 3.

On September 22, 2021, Defendant filed his Opposition to Motion ("Opposition"). Defendant argued that release of the audio recordings is prohibited by 19 G.C.A. § 5122. See Opposition at 3 (Sep. 22, 2021). Furthermore, Defendant argued that a third party may not testify as to what she heard Defendant say in the proceedings because his statements are privileged as well. Id. at 4.

The Court held a hearing on December 7, 2021. After hearing the arguments of the parties, the Court denied the People's Motion.

## DISCUSSION

I.   **The audio recordings are inadmissible because the People have failed to establish a legitimate interest warranting their inspection.**

19 G.C.A. § 5122 establishes the baseline rule that the audio recordings from JP0205-19 are sealed to everyone except those the Court determines hold a legitimate interest therein. Specifically, 19 G.C.A. § 5122 provides:

> The court shall make and keep records of all cases brought before it, and shall devise and cause to be printed such forms for social and legal records and such other papers as may be required. **The court's official records shall be opened to inspection only as provided by § 5123 or by order of the judge to persons having a legitimate interest therein.** All information obtained and social records prepared in the discharge of official duty by any employee of the government of Guam at the request of the court, or by the Department of Youth Affairs, shall be privileged and shall not be disclosed directly, or indirectly to anyone other than the judge or others entitled under this Chapter to receive such information, except as provided § 5123 of this Chapter or unless and until otherwise ordered by the judge.

Decision and Order Denying the People's Motion to Obtain Audio Recordings from Court
CF0298-19, *People of Guam v. Rinext Riosen*
Page **2** of **4**

The People have failed to establish their legitimate interest in the audio recordings. The People claim their interest is so they can admit the statements without having to go through a third party who would otherwise testify what she heard Defendant say in JP0205-19. See Motion at 3 (Jul. 9, 2021). However, "a person with a legitimate interest in the proceedings... refers only to a person who has a direct involvement with the juvenile court proceedings or the events in question." See *Doe v. Allentown School District*, 2008 WL 5111917 (E.D. Pa 2008). The People have alleged no direct involvement in JP0205-19 warranting their inspection of the audio records. 19 G.C.A. § 5122 reflects a heavy bias towards safeguarding records concerning juvenile proceedings, and the People have failed to meet the standards required to show their legitimate interest.

The People also point to 19 G.C.A. § 13311(a) as a justification towards admitting the audio. See Motion at 3 (Jul. 9, 2021). 19 G.C.A. § 13311(a) provides:

> Any testimony or other evidence produced by a party in a child protective proceeding under this Chapter which would otherwise be unavailable **may be ordered by the court to be** *inadmissible* **as evidence in any other territorial civil or criminal action or proceeding, if the court deems such an order to be in the best interests of the child.**

The People argued that the Court should release the audio because doing so would be in the best interests of Victim and Child. See Motion at 3 (Jul. 9, 2021). However, the People are misconstruing the law. 19 G.C.A. § 13311(a) does not allow the Court to admit otherwise inadmissible evidence if doing so serves the child's best interests. 19 G.C.A. § 13311(a) is a law of exclusion, not inclusion, and is thus not applicable here.

II. **Marcelia Cevallos may testify as to what she heard Defendant say in JP0205-19.**

The People plan to bring Marcelia Cevallos on as a witness if the audio recordings are ruled inadmissible. See Motion at 3 (Jul. 9, 2021). Ms. Cevallos would testify that she heard Defendant say the incriminating statement during the JP0205-19 Further Proceedings. Defendant claims the statement is barred under 19 G.C.A. § 5122 because it was spoken during a Juvenile Proceedings matter. See Opposition at 2 (Sep. 22, 2021).

Decision and Order Denying the People's Motion to Obtain Audio Recordings from Court
CF0298-19, *People of Guam v. Rinext Riosen*
Page 3 of 4

"A statement is not hearsay if… the statement is offered against a party and is the party's own statement." <u>See</u> 6 G.C.A. § 801(d)(2)(A). Because this concerns a statement Defendant allegedly said, it is not barred by the hearsay rule.

Furthermore, 19 G.C.A. § 5122 establishes that "records prepared in the discharge of official duty by any employee of the government of Guam at the request of the court… shall be privileged and shall not be disclosed." Here, the People are not seeking to admit official records of the court. Rather, they just want Ms. Cevallos to testify as to what she heard. Therefore, the statement is not privileged and may be admitted through Ms. Cevallos's testimony.

<u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** the People's Motion. The audio recordings of JP0205-19 will not be provided to the People, and they may not be admitted into evidence. However, Ms. Cevallos may testify as to what she heard spoken during JP0205-19.

**IT IS SO ORDERED** this ___Dec. 16, 2021___ *nunc pro tunc* to December 7, 2021.



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
___Aei Timblin___

Date:___12/16/21___ Time:___12:26___

Deputy Clerk, Superior Court of Guam

Decision and Order Denying the People's Motion to Obtain Audio Recordings from Court
CF0298-19, *People of Guam v. Rinext Riosen*
Page **4** of **4**